## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

BRITTANY ALLEN, individually and )
as parent and next of kin of KAMBRY )
ALLEN, a deceased minor; and )
CHASE ALLEN, individually and )
as parent and next of kin of KAMBRY )
ALLEN, a deceased minor, )
                       )
     Plaintiffs, )
                       )
v.                      )     Case No. CIV-19-00527-JD
                       )
CLINTON HMA LLC d/b/a )
ALLIANCEHEALTH CLINTON; )
MICHAEL C. HENSLEY, M.D.; and )
CLINTON HMPN, LLC, d/b/a )
ALLIANCEHEALTH MEDICAL )
GROUP WOMEN'S HEALTH )
CLINTON, )
                       )
     Defendants. )

## <u>ORDER</u>

Before the Court are motions for partial summary judgment by Plaintiffs Brittany

and Chase Allen, individually and as parent and next of kin of Kambry Allen (the

"Allens" and "Kambry") [Doc. No. 133], and by Clinton HMA LLC d/b/a AllianceHealth

Clinton (the "Hospital") [Doc. No. 126]. Each filed a response [Doc. Nos. 156, 150] and

a reply [Doc. Nos. 162, 161]. Upon review of the parties' submissions, the Court finds

that supplemental briefing is necessary on the Allens' remaining EMTALA claim against

the Hospital.

By way of background, the Court believes that further discussion is warranted

concerning the issue of disparate treatment as it relates to the Allens' EMTALA failure-

to-screen claim under 42 U.S.C. § 1395dd(a). This medical screening requirement states:

> In the case of a hospital that has a hospital emergency department, if any individual (whether or not eligible for benefits under this subchapter) comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition (within the meaning of subsection (e)(1)) exists.

42 U.S.C. § 1395dd(a). A hospital may not delay provision of the medical screening examination required under subsection (a) to inquire about the individual's method of payment or insurance status. *Id.* § 1395dd(h). An emergency medical condition—in the context of the hospital providing a medical screening examination to determine whether or not it exists—means "a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in--(i) placing the health of the individual . . . in serious jeopardy, (ii) serious impairment to bodily functions, or (iii) serious dysfunction of any bodily organ or part . . . ." *Id.* § 1395dd(e)(1).

The Allens contend that summary judgment in their favor is appropriate on this claim because the Hospital "failed to follow its own standard procedures and departed from what an appropriate screening exam would have been." Allens' MPSJ [Doc. No. 133] at 19.[1] The Hospital contends that summary judgment is appropriate because the

---

[1] The Court's page references throughout this Order are to the ECF page numbering.

Allens have not asserted an EMTALA claim—they have asserted a malpractice claim—and because Kambry was an admitted patient. Hospital's MPSJ [Doc. No. 126] at 15–16.

In its Response to the Allens' motion, the Hospital asserts that "the EMTALA analysis looks to whether patients are screened or assessed differently due to their payor status," and that "there is no evidence that the screenings received by Kambry were anything different than what was normally provided to newborn patients at AllianceHealth Clinton. Similarly, there is no evidence that Kambry received any different care as a result of her or her mother's payor status." [Doc. No. 150] at 16. In their Reply [Doc. No. 162], the Allens do not respond to this argument. The Hospital's problem here, though, is that it raised this disparate treatment argument in its Response, not its Motion.

Although the parties thoroughly addressed whether the Hospital abided by its established procedures, part of this analysis is measured by whether there was "disparate treatment." *See Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 797 (10th Cir. 2001) ("[T]his court holds, as it implicitly did in *Repp*, a hospital's obligation under EMTALA is measured by whether it treats every patient perceived to have the same medical condition in the same manner.") (citing *Repp v. Anadarko Mun. Hosp.*, 43 F.3d 519, 522 (10th Cir. 1994)); *see also Ingram v. Muskogee Reg'l Med. Ctr.*, 235 F.3d 550, 552 (10th Cir. 2000) (reasoning that a "narrow interpretation" of 42 U.S.C. § 1395dd(a) "ties the statute to its limited purpose, which was to eliminate patient-dumping and not to federalize medical malpractice").

Given the circumstances here, the Court finds that the briefing on this issue is

3

inadequate. To fulfill its obligations under Federal Rule of Civil Procedure 56, and to reach a just determination of this action, the Court seeks supplemental briefing from the Allens and the Hospital on the disparate treatment issue.

IT IS THEREFORE ORDERED that if the Hospital wishes to file a supplemental brief in further support of its Motion for Partial Summary Judgment, solely discussing the disparate treatment issue, it may file such brief on or before **30 DAYS FROM TODAY**.

IT IS FURTHER ORDERED that the Allens may file a response to the Hospital's supplemental brief. If Defendant does not file a supplemental brief, Plaintiffs may file a supplemental brief. The Allens' response or supplemental brief, which shall solely discuss the disparate treatment issue, must be filed on or before **44 DAYS FROM TODAY**.

IT IS SO ORDERED this 5th day of December 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE