IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTANY ALLEN, individually and as parent and next of kin of KAMBRY ALLEN, a deceased minor; and CHASE ALLEN, individually and as parent and next of kin of KAMBRY ALLEN, a deceased minor,<br><br>　　　Plaintiffs,<br><br>v.<br><br>CLINTON HMA LLC d/b/a ALLIANCEHEALTH CLINTON; MICHAEL C. HENSLEY, M.D.; and CLINTON HMPN, LLC, d/b/a ALLIANCEHEALTH MEDICAL GROUP WOMEN'S HEALTH CLINTON,<br><br>　　　Defendants. | Case No. CIV-19-00527-JD |

## **ORDER**

Pending before the Court are several motions for summary and partial summary judgment [Doc. Nos. 126, 129, 133] and *Daubert* motions [Doc. Nos. 125, 130]. Upon review of the parties' summary judgment submissions, the Court finds that supplemental briefing would be helpful regarding the Court's supplemental jurisdiction.

The Allens' sole remaining federal claim is the EMTALA failure-to-screen claim against Defendant Clinton HMA LLC d/b/a AllianceHealth Clinton. Federal district courts, when dismissing all federal claims in an action including supplemental state law claims, typically decline to exercise supplemental jurisdiction and dismiss the remaining state law claims without prejudice. *See Koch v. City of Del City*, 660 F.3d 1228, 1248

(10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." (citation omitted)). But district courts have "discretion to try state claims in the absence of any triable federal claims; however, that discretion should be exercised in those cases in which, given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction." *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

The Allens first asserted their claims in state court in 2018. Before the end of the limitations period, they filed this federal action while the state court suit was still pending. After the expiration of the limitations period, the Allens voluntarily dismissed their state court suit.

In the event the Court grants the Hospital judgment on the Allens' sole federal claim,[1] the Court finds that briefing from the parties would be helpful regarding whether the Allens are able to reassert their state law claims in state court under Okla. Stat. tit. 12, § 100 or under 28 U.S.C. § 1367(d). The parties may provide discussion of any other reason why the Court, in the event there is no longer a federal claim before it, should or should not retain jurisdiction over the Allens' state law claims.

---

[1] The Court considered whether to wait to seek briefing on supplemental jurisdiction pending a decision on the EMTALA claim, which the Court has not reached a decision on and which requires supplemental briefing before the Court may do so. But, considering the amount of time this case has been pending, the Court has concluded it is more efficient to get the parties' positions on this potential issue now.

IT IS THEREFORE ORDERED that the parties may file briefs, not to exceed ten pages, explaining their positions on the Court's supplemental jurisdiction, as discussed herein, on or before **30 DAYS FROM TODAY**.

IT IS SO ORDERED this 5th day of December 2023.

*[signature]*
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE