IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BRITTANY ALLEN, individually and )
as parent and next of kin of KAMBRY )
ALLEN, a deceased minor; and )
CHASE ALLEN, individually and )
as parent and next of kin of KAMBRY )
ALLEN, a deceased minor, )
                                             )
      Plaintiffs, )
                                             )
v. ) Case No. CIV-19-00527-JD
                                             )
CLINTON HMA LLC d/b/a )
ALLIANCEHEALTH CLINTON; )
MICHAEL C. HENSLEY, M.D.; and )
CLINTON HMPN, LLC, d/b/a )
ALLIANCEHEALTH MEDICAL )
GROUP WOMEN'S HEALTH )
CLINTON, )
                                             )
     Defendants. )

**ORDER**

Before the Court is Plaintiffs' ("the Allens") Motion to Compel ("Motion") [Doc. No. 40]. The Motion has been narrowed by the Allens' Notice of Withdrawal of Request for Event Report which says that because Defendant Clinton HMA, LLC d/b/a AllianceHealth Clinton ("the Hospital") has now produced the requested documents, "all aspects of [the Motion] are now moot except Plaintiffs' request for attorney's fees." [Doc. No. 60 at 2].[1]

---

[1] The Court also noted in an Order dated December 5, 2023, that the only remaining issue is "Plaintiffs' request for attorneys' fees under Federal Rule of Civil Procedure 37" and that "[i]f any developments have changed the posture of [Doc. No.

In the Allens' Motion, they ask the Court to compel the Hospital to produce the following documents: (1) Resignation Letter of Jeanine R. Calloway, LPN; and (2) Quality Improvement Review.[2] [Doc. No. 40 at 7]. The Allens also requested reasonable expenses including attorney's fees under Rule 37. The Hospital provided the Allens with the resignation letter and quality improvement review after the Motion was filed. The Court gave the parties opportunities to be heard via briefing and at a hearing held on April 17, 2020.

> Rule 37 states that if a motion to compel
>
> is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified.[3]

Fed. R. Civ. P. 37(a)(5). But "[a]n opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient . . . ." *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1230 (10th Cir. 2015) (quoting *Resol.*

---

40], the parties are to promptly advise the Court through a filed notice with the Court." [Doc. No. 193 at 1 n.1]. No party has filed anything further with the Court on this issue.

[2] Originally, the Allens also requested the Incident/Event Report. However, they withdrew this request. [Doc. No. 60].

[3] There are two other exceptions: (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action" or (2) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5). However, the Hospital does not argue that either of these exceptions apply.

*Tr. Corp. v. Dabney*, 73 F.3d 262, 268 (10th Cir. 1995)). "Substantial justification" requires that the non-moving party's actions were "justified to a degree that could satisfy a reasonable person." *Id.* at 1227. "The non-moving party has the burden of showing" its actions were "substantially justified." *McNeese Photography, L.L.C. v. Access Midstream Partners, L.P.*, No. CIV-14-503-D, 2016 WL 2962231, at *1 (W.D. Okla. May 20, 2016).

The Hospital's basis for not originally producing the resignation letter was because it believed the letter was irrelevant. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Gauvin*, 173 F.3d 798, 802 (10th Cir. 1999) (quoting Fed. R. Evid. 401). Here, the resignation letter was prepared and submitted to the Hospital within a week of Kambry Allen's death. In the letter, Nurse Calloway discusses the Hospital's allegedly unsafe working environment and a timeline of what happened on the day of Kambry's death. Considering the Allens' complaint includes a claim for wrongful death, the Court deems the Hospital's actions unreasonable. The resignation letter is clearly relevant, and the Hospital was not substantially justified in originally refusing to provide it to the Allens.

The Hospital's basis for originally not providing the quality improvement review was because it believed the review was privileged under the Patient Safety and Quality Improvement Act of 2005 ("PSQIA"). 42 U.S.C. § 299b-22; Confidentiality and Privilege Protections, 42 C.F.R. § 3.206. PSQIA deems certain documents as privileged if

they meet the definition of "patient safety work product." 42 U.S.C. § 299b-22(a). Patient safety work product ("PSWP") is defined as:

> any data, reports, records, memoranda, analyses (such as root cause analyses), or written or oral statements--
> (i) which--
>
> > (I) are assembled or developed by a provider for reporting to a patient safety organization and are reported to a patient safety organization; or
> >
> > (II) are developed by a patient safety organization for the conduct of patient safety activities; and which could result in improved patient safety, health care quality, or health care outcomes; or
>
> (ii) which identify or constitute the deliberations or analysis of, or identify the fact of reporting pursuant to, a patient safety evaluation system.

42 U.S.C. § 299b-21(7)(A). Further, the Department of Health and Human Services has stated that information is PSWP if it "is not required for another purpose and is prepared solely for reporting to a [patient safety organization]." *Patient Safety and Quality Improvement Act of 2005 -- HHS Guidance Regarding Patient Safety Work Product and Providers' External Obligations*, 81 Fed. Reg. 32655-01, at *32656. However, that same information cannot be PSWP if, for example it was prepared "[f]or internal risk management (claims and liability purposes)." *Id.* Here, the Hospital has not presented any argument or evidence regarding whether the quality improvement review was prepared *solely* for reporting to a patient safety organization. In fact, it appears from the face of the document, which is titled "Quality Improvement Medical Staff Peer Review," that it was prepared for peer review and quality control purposes. Thus, given it is the Hospital's

burden to show it acted reasonably, the Court concludes its failure to produce the quality improvement review was not substantially justified.

The Court also bases its decision to award reasonable expenses on the Hospital's failure to initially produce an adequate privilege log.

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . expressly make the claim . . . and describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). Although for the quality improvement review the Hospital stated that its privilege basis was "Patient Safety Work Product Patient Safety and Quality Improvement Act, 42 C.F.R. Part 3," this was not sufficiently particular so as to enable the Allens to assess the validity of the claim.[4] [Doc. No. 40-8]. *See also Columbia Mut. Ins. Co. v. Baloru Enters., LLC*, Case No. 22-cv-00444-TCK-SH, 2023 WL 3775172, at *2 (N.D. Okla. June 2, 2023) ("The privilege log thus provides important information that helps ensure parties are complying with their discovery obligations and assists in the resolution of any disputes. It is part and parcel of an appropriate response to a discovery request.").

---

[4] The Hospital also listed "Okla. Stat. tit. 63 §§ 1709 and 1-1709.1; *City of Edmond v. Parr*, 1978 OK 70, 587 P.2d 56" as a basis for the quality improvement review's privilege. The only argument it offered in support of this assertion was that "[s]hould this case be remanded back to Oklahoma State court, [the Allens] would possess information and/or materials that would have otherwise been privileged and not discoverable under Oklahoma law." [Doc. No. 47 at 9]. It did not otherwise explain how or why Oklahoma's privilege statutes would apply.

Because the Hospital provided the documents after the Motion was filed, has been given an opportunity to be heard, and was not substantially justified in withholding the resignation letter or quality improvement review from the Allens, the Court GRANTS the Motion as stated in this Order and awards the Allens reasonable expenses incurred in making the Motion, including attorney's fees, by the Hospital. The Court gives the parties 30 days to agree on a reasonable award of expenses. If the parties cannot agree, the Court orders the Allens to provide evidence of reasonable expenses within 30 days.

IT IS SO ORDERED this 8th day of March 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE